UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MELISSA ALVEAR, individually, and as parent and
natural guardian of J. A., an infant under the age of
fourteen years,

                    Plaintiffs,

-against-

SPECIAL PATROLMAN MOHAMED KAMEL, Tax
Registration No. 160282, SPECIAL PATROLMAN
JUAN CORDOBA, Shield No. 617,
SPECIAL PATROLMAN HECTOR LOPEZ
and THE CITY OF NEW YORK,

                    Defendants.
-----------------------------------------------------------------X

18 CV 4255 (NGG) (CLP)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiffs, MELISSA ALVEAR, individually, and as parent and natural guardian of J.A., an infant under the age of 14 years, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiffs, invoking the supplemental jurisdiction of this Court, also seek compensatory and punitive damages for battery, false arrest, and malicious prosecution.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff MELISSA ALVEAR was and is a natural person and was and is the mother and natural guardian of J.A., an infant under the age of 14 years.

8. At all times relevant hereto, the infant plaintiff J.A. was and is a natural person and was and is an infant under the age of 14 years.

9. At all times relevant hereto, defendant MOHAMED KAMEL, Tax Registration No. 160282 (hereinafter "KAMEL") was and is a natural person, employed by the Department of Parks and Recreation of defendant CITY OF NEW YORK as a Parks Enforcement Patrol Officer, and was also designated as a Special Patrolman of defendant CITY OF NEW YORK, with the power to make arrests pursuant to New York City Administrative Code § 14-106(e) and Title 38, Chapter 13 of the Rules and Regulations of the City of New York.

10. At all times relevant hereto, defendant SPECIAL PATROLMAN JUAN CORDOBA, Shield No. 617 (hereinafter "CORDOBA") was and is a natural person, employed by the Department of Parks and Recreation of defendant CITY OF NEW YORK as a Parks Enforcement Patrol Officer, and also designated as a Special Patrolman of

defendant CITY OF NEW YORK, with the power to make arrests pursuant to New York City Administrative Code § 14-106(e) and Title 38, Chapter 13 of the Rules and Regulations of the City of New York.

11. At all times relevant hereto, defendant SPECIAL PATROLMAN HECTOR LOPEZ (hereinafter "LOPEZ") was and is a natural person, who, at all times relevant hereto, was employed by the Department of Parks and Recreation of defendant CITY OF NEW YORK as a Parks Enforcement Patrol Officer, and was also designated as a Special Patrolman of defendant CITY OF NEW YORK with the power to make arrests pursuant to New York City Administrative Code § 14-106(e) and Title 38, Chapter 13 of the Rules and Regulations of the City of New York.

12. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. The individual defendants are sued in their individual capacities.

14. On or about July 25, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Office of the Comptroller of defendant CITY OF NEW YORK verified notices of claim. An amended verified notice of claim was served on the Comptroller on July 18, 2018.

15. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Corporation Counsel has neglected and refused to make payment of said claim.

16. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about April 30, 2017, at approximately 1:00 P.M., plaintiff MELISSA ALVEAR, the infant plaintiff J.V., plaintiff MELISSA ALVEAR's mother, and plaintiff MELISSA ALVEAR's younger child were all lawfully present inside the parking lot of Flushing Meadows-Corona Park located adjacent to the intersection of 111th Street and 55th Avenue in the County of Queens, City and State of New York.

19. Plaintiff MELISSA ALVEAR, the infant plaintiff, and her other child had arrived at the aforementioned parking lot in plaintiff MELISSA ALVEAR's motor vehicle.

20. Plaintiff MELISSA ALVEAR's mother had arrived at the aforementioned parking lot in her own motor vehicle, about two minutes after plaintiff MELISSA ALVEAR had arrived.

21. Plaintiff MELISSA ALVEAR's mother had brought food, condiments, plates, cups, napkins and two Bose speakers so that all those could present picnic and could listen to music while they were picnicking.

22. Plaintiff MELISSA ALVEAR's husband was also expected to arrive at the picnic area with rice and salad.

23. Plaintiff MELISSA ALVEAR and her mother discussed whether they wanted to stay in the park or have the picnic in her mother's backyard, because the weather appeared to be threatening.

24. In order to enter the main part of the park from the parking lot, one had to descend a flight of stairs.

25. While plaintiff MELISSA ALVEAR was speaking to her mother as aforesaid, defendants KAMEL and CORDOBA arrived at the foot of the stairs in a Parks Department motor vehicle.

26. Defendants KAMEL and CORDOBA exited the aforementioned Parks Department motor vehicle.

27. Defendants KAMEL and CORDOBA proceeded to run up the aforementioned flight of stairs.

28. As they ran up the aforementioned flight of stairs, defendants KAMEL and CORDOBA told plaintiff MELISSA ALVEAR's mother that she had to leave the park because no barbecuing was permitted.

29. Plaintiff MELISSA ALVEAR's mother left the parking lot and, thus, the park, taking with her the aforementioned cart containing the picnic supplies and the Bose speakers.

30. Defendants KAMEL and CORDOBA, however, followed her and attempted to take the cart from her.

31. A struggle over the cart ensued, with defendants KAMEL and CORDOBA attempting to pull it away from plaintiff MELISSA ALVEAR's mother and plaintiff MELISSA ALVEAR's mother trying to hold on to it and pull it towards herself.

32. The aforementioned tussle was taking place in a pedestrian island that separated the northbound and southbound lanes of traffic on 111th Street.

33. Plaintiff MELISSA ALVEAR removed her one-year-old child from his car seat and, with him in his stroller, and accompanied by the infant plaintiff, went over to the area where her mother and defendants KAMEL and CORDOBA where pulling on the cart.

34. At some point, defendant LOPEZ arrived.

35. When plaintiff MELISSA ALVEAR arrived at the aforementioned pedestrian island, she told one of the individual defendants to take the cart, with the food in it, but to let her keep the Bose speakers.

36. One of the individual defendants told MELISSA ALVEAR that they intended to confiscate everything that was in the cart, including the speakers.

37. Plaintiff MELISSA ALVEAR reached over to take her speakers.

38. One of the individual defendants, upon information and belief defendant KAMEL, grabbed plaintiff MELISSA ALVEAR's left forearm and tried to push her away from the cart.

39. The infant plaintiff attempted to get between his mother and the defendant KAMEL and, despite being about half the height of defendant KAMEL, and much lighter than he was, tried to push defendant KAMEL away from his mother.

40. Defendant KAMEL struck the infant plaintiff.

41. Defendant KAMEL told defendant CORDOBA to arrest plaintiff MELISSA ALVEAR.

42. Defendant KAMEL forcefully threw plaintiff MELISSA ALVEAR to the ground and then placed his knees and full weight on top of her, all the while shouting at her.

43. One of the other individual defendants struck plaintiff MELISSA ALVEAR while defendant KAMEL attempted to handcuff her.

44. Defendant LOPEZ physically and forcibly restrained the infant plaintiff.

45. Plaintiff MELISSA ALVEAR was handcuffed, upon information and belief by defendant KAMEL.

46. Two New York City police officers arrived at the scene.

47. Plaintiff MELISSA ALVEAR was transported by the aforementioned police officers to the stationhouse of the 110th precinct.

48. At the stationhouse, Plaintiff MELISSA ALVEAR was informed by a police officer that if no one from the Department of Parks and Recreation arrived at the stationhouse within an hour, she would not be arrested and would be free to go home.

49. After approximately ten minutes, however, defendant KAMEL arrived with two African-American females, upon information and belief both superior officers in the Parks Enforcement Patrol.

50. Plaintiff MELISSA ALVEAR heard a police officer, whom she believed to be either a lieutenant or captain, tell the parks personnel that they would have to handle the arrest.

51. Plaintiff MELISSA ALVEAR was put into a holding cell at the stationhouse, where she remained for approximately four hours.

52. Eventually, plaintiff MELISSA ALVEAR was transported to Central Booking Queens.

53. After being held for approximately six hours at Central Booking, plaintiff MELISSA ALVEAR was brought before a Judge of the Criminal Court of the City of New York.

54. On the complaint of defendant KAMEL, plaintiff MELISSA ALVEAR was charged with obstructing governmental administration in the second degree, a class A misdemeanor; resisting arrest, a class A misdemeanor; harassment in the second degree, a class A misdemeanor; assault in the third degree, a class A misdemeanor; and disorderly conduct, a violation.

55. On or about May 29, 2018, after being compelled to appear in court on the aforementioned charges on approximately six occasions, all charges against plaintiff MELISSA ALVEAR were dismissed in Criminal Court of the City of New York, County of Queens pursuant to Criminal Procedure Law § 30.30, i.e. on speedy trial grounds.

56. Defendants KAMEL, CORDOBA and LOPEZ violated plaintiffs' rights to not be subjected to excessive force, guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States and plaintiff MELISSA ALVEAR's right to be arrested and prosecuted only with probable cause, guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, assaulted and battered plaintiff MELISSA ALVEAR in the immediate presence of infant plaintiff J.A., applied excessive force against the infant plaintiff, and falsely arrested and imprisoned and maliciously prosecuted plaintiff MELISSA ALVEAR.

57. Because of the aforementioned acts committed by defendants KAMEL, CORDOBA and LOPEZ, plaintiffs suffered a deprivation of their rights to be free of excessive force and plaintiff MELISSA ALVEAR suffered a deprivation of her right to be arrested, imprisoned and prosecuted only with probable cause and without malice, guaranteed to them both by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, in the case of J.A., the infant plaintiff, suffered extreme

mental upset and anguish necessitating a visit to a psychiatrist and, as regarding plaintiff MELISSA ALVEAR, resulting in extreme mental anguish, serious and permanent physical injuries and a loss of time and income from her employment as a result of her imprisonment upon arrest and the necessity of her appearing in court with regard to the prosecution against her.

58. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants hereto, the plaintiffs have been damaged in an amount sufficient to compensate them for the injuries suffered as enumerated hereinabove, and, in addition, seek punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS and THE CITY OF NEW YORK
### (Battery)

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" hereinabove as if more fully set forth at length herein.

60. On or about April 30, 2017, at approximately 1:00 P.M., on a traffic island located in the roadway of 111th Street, near its intersection with 55th Avenue, in the County of Queens, City and State of New York, defendant KAMEL, without probable cause to do so, offensively touched plaintiff MELISSA ALVEAR by grabbing hold of her, violently throwing her to the ground, throwing himself on top of her and holding her down with his knees and other parts of his body pressed against her, while he attempted to handcuff her.

61. Defendant CORDOBA offensively touched plaintiff MELISSA ALVEAR as he grabbed hold of her body and attempted to assist defendant KAMEL in his violent and improper assault upon her.

62. Defendant LOPEZ offensively touched the infant plaintiff J.A. by grabbing hold of him and roughly pushing him away from his attempts to shield his mother from the aforementioned assault upon her.

63. The aforesaid force used by the individual defendants was not reasonable under the circumstances.

64. At the aforementioned time and place, the individual defendants were acting within the scope of their employment with defendant CITY OF NEW YORK.

65. By reason of the aforementioned battery committed against them by the individual defendants while they were acting within the scope of their employment with defendant CITY OF NEW YORK, the infant plaintiff suffered and continues to suffer from extreme emotional distress and plaintiff MELISSA ALVEAR suffers and continues to suffer from serious physical injuries and from severe mental anguish.

66. As a result of the batteries committed upon them by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, the plaintiffs have been damaged in a amount sufficient to compensate them for their injuries and further seek punitive damages against each individual defendant.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MELISSA ALVEAR
<u>AGAINST DEFENDANTS KAMEL and THE CITY OF NEW YORK</u>
(False Arrest and False Imprisonment)**

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "66" hereinabove as if more fully set forth at length herein.

68. On or about April 30, 2017, at approximately 1:00 P.M., on a traffic island located in the roadway of 111th Street, near its intersection with 55th Avenue in the

County of Queens, City and State of New York, defendant KAMEL, without probable cause therefor, forcibly, wrongfully, and unlawfully arrested plaintiff MELISSA ALVEAR and, against plaintiff MELISSA ALVEAR's own free will, caused her to be incarcerated doe approximately twelve hours.

69. Defendant KAMEL falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the crimes of obstructing governmental administration in the second degree, resisting arrest, harassment in the second degree, and of disorderly conduct, a violation.

70. Plaintiff MELISSA ALVEAR was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of the 110th precinct and in Queens Central Booking for a total time of approximately twelve hours.

71. At the time he committed the aforementioned act of false arrest and imprisonment, defendant KAMEL, was acting within the scope of his employment by defendant CITY OF NEW YORK.

72. By reason of the false arrest and false imprisonment committed against her by defendant KAMEL, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MELISSA ALVEAR suffered and continues to suffer serious and permanent physical and emotional injuries, lost time from her employment, and incurred medical expenses.

73. As a result of the aforementioned acts of false arrest and false imprisonment committed against her by defendant KAMEL, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MELISSA ALVEAR has been damaged in an amount sufficient to compensate her for her injuries and seeks punitive damages against defendant KAMEL.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MELISSA ALVEAR
## <u>AGAINST DEFENDANTS KAMEL and THE CITY OF NEW YORK</u>
## (Malicious Prosecution)

74. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "73" hereinabove as if more fully set forth at length herein.

75. On or about April 30, 2017, defendant KAMEL maliciously caused a criminal prosecution to be commenced against plaintiff MELISSA ALVEAR by his act of falsely and maliciously arresting her and charging her with the crimes of obstructing governmental administration in the second degree, resisting arrest, harassment in the second degree, and the violation of disorderly conduct.

76. Defendant KAMEL was without probable cause to arrest plaintiff MELISSA ALVEAR for the offenses he charged her with.

77. On or about May 29, 2018, all charges against plaintiff MELISSA ALVEAR were dismissed in Criminal Court of the City of New York, County of Queens, pursuant to New York Criminal Procedure Law § 30.30.

78. At the time that defendant KAMEL falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff MELISSA ALVEAR, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

79. By reason of the prosecution maliciously commenced against plaintiff MELISSA ALVEAR by defendant KAMEL, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MELISSA ALVEAR was deprived of her liberty, suffered great physical and mental distress and anguish, was forced to defended herself in a criminal proceeding and lost time and income from her employment.

80. As a result of the prosecution committed against plaintiff MELISSA ALVEAR by defendant KAMEL, plaintiff MELISSA ALVEAR has been damaged in an amount sufficient to compensate her for her injuries and, in addition, seeks punitive damages against defendants KAMEL.

WHEREFORE, plaintiffs MELISSA ALVEAR, individually, and as parent and natural guardian of J. A., an infant under the age of fourteen years, demands judgment against defendants, SPECIAL PATROLMAN MOHAMED KAMEL, Tax Registration No. 160282, SPECIAL PATROLMAN JUAN CORDOBA, Shield No. 617, SPECIAL PATROLMAN HECTOR LOPEZ and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant KAMEL;

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant KAMEL.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       December 5, 2019

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
File No: 2413